1   Audra M. Mori (State Bar No. 162850)
    amori@perkinscoie.com
2   Katherine M. Dugdale (State Bar No. 168014)
    kdugdale@perkinscoie.com
3   **PERKINS COIE LLP**
    1888 Century Park East, Suite 1700
4   Los Angeles, California 90067
    Tel: (310) 788-9900 / Fax: (310) 788-3399
5

    *Attorneys for Plaintiff*
6   MICROSOFT CORPORATION

7   Michael J. Niborski (State Bar No. 192111)
    mniborski@pryorcashman.com
8   Darius K.C. Zolnor (State Bar No. 248686)
    dzolnor@pryorcashman.com
9   **PRYOR CASHMAN LLP**
    1801 Century Park East, 24th Floor
10  Los Angeles, California 90067-2302
    Tel: (310) 556-9608 / Fax: (310) 556-9670
11
    Benjamin K. Semel (admitted *pro hac vice*)
12  e-mail: bsemel@pryorcashman.com
    **PRYOR CASHMAN LLP**
13  7 Times Square
    New York, New York 10036-6569
14  Tel: (212) 326-0194 / Fax: (212) 326-0806

15  *Attorneys for Defendants*
    DATA EXCHANGE CORPORATION and
16  SHELDON MALCHICOFF

17
                **UNITED STATES DISTRICT COURT**
18
                **CENTRAL DISTRICT OF CALIFORNIA**
19

20  MICROSOFT CORPORATION, a       ) Case No. CV 12-01929 R (Ex)
    Washington corporation,        )
21                                 )
                                   ) [~~PROPOSED~~] **PROTECTIVE**
22            Plaintiff,           ) **ORDER**
              vs.                  )
23                                 )
    DATA EXCHANGE CORPORATION, a   )
24  California corporation also known as DEX )
25  and eDEXDEALS.COM; and SHELDON )
    MALCHICOFF, an individual,     )
26                                 )
              Defendants.          )
27                                 )

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order – including, without limitation, the parties to this action, their representatives, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

**1.  Overview**

Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action (hereinafter "Discovery Material") that is designated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

**2.  Material Designated As "Confidential":**

(a)  The person or party disclosing or producing any given material may designate as "Confidential" such portion of such material as the person or party in good faith believes includes information that is not available to the public and is confidential, proprietary, commercially sensitive, or constitutes a trade secret and is contained within one of the following categories:

(1)  *Confidential Financial Information*: Information, maintained by the producing party in confidence, and relating to: amounts spent on research, development, marketing, promotion, and advertising; sales and revenues; profits and losses; employee salaries and bonuses;

(2)  *Confidential Research and Development*: Information, maintained by the producing party in confidence, and relating to: conception, research, maintenance and development of brands, products, goods and/or services; or

1

       (3)   *Confidential Commercial/Trade Secret Information*: Information, maintained by the producing party in confidence, and relating to: customer lists; customers, licensors, or other third parties with whom the producing party has contracted in connection with its intellectual property, products, goods and/or services; the manufacture and distribution of the producing party's products, goods and/or services or infringing versions of the same; investigation, advertising, marketing, and/or promotional plans associated with the producing party's intellectual property, products, goods and/or services.

   (b)   The parties, or some of them, request protection of such information on the grounds that if disclosed it could be harmful to the parties, or any of them, and that said information, if disclosed, could be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

   (c)   *Good Cause Statement*: Good cause exists for protecting the confidential financial, research and development, and commercial/trade secret information described above. The information described has been maintained in confidence by the producing party and its disclosure would result in prejudice or harm to that party. Specifically, good cause exists for protecting the information described above based on the following:

       (1)   *Confidential Financial Information*: The Confidential Financial Information includes information protected by third parties' rights of privacy under the Constitutions of the United States and the State of California. Further, disclosure of Confidential Financial Information, except pursuant to the Protective Order signed by all Parties receiving the Confidential Information, would cause substantial harm to the competitive position of the producing party by revealing areas of financial strength and weakness of the producing party, as well as that party's strategic decision-making regarding, *inter alia*, personnel, employment of outside consultants, expenditures on research and development, and expenditures on marketing and advertising;

(2) *Confidential Research and Development Information*: The producing party has expended valuable time and resources developing its respective brands, products, goods and/or services. Disclosure of information relating to those efforts, except pursuant to the Protective Order signed by all Parties receiving the Confidential Information, would cause substantial harm to the competitive position of the producing party by allowing its competitors to utilize the fruits of the party's efforts, without incurring any of the costs associated therewith; and

(3) *Confidential Commercial/Trade Secret Information*: The producing party has expended valuable time and resources developing a customer base, as well as developing relationships with customers, manufacturers, and distributors for its products, goods and/or services. Disclosure of information relating to those efforts, except pursuant to the Protective Order signed by all Parties receiving the Confidential Information, would cause substantial harm to the competitive position of the producing party by allowing its competitors to benefit from the producing party's efforts without incurring any of costs associated therewith. Confidential Commercial/Trade Secret Information may also include information regarding the investigation of the infringement of a party's intellectual property which, if disclosed, could undermine current and future investigations by that party of infringement.

**3. Disclosure Of "Confidential" Materials**

No person or party subject to the Order other than the producing person or party shall disclose any of the Confidential Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

(a) the parties to this action and Protective Order, including their employees;

(b) in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and fellow employees of such in house legal counsel and outside attorneys to whom it is reasonably necessary to disclose such Confidential Discovery Material;

1   (c)  its author, its addressee, and any other person indicated on the face of the
2   document as having received a copy;
3   (d)  any employee, or former employee, of any sender or recipient of the
4   document (*e.g.*, where a Purchase Order from Company A to Company B is produced
5   in litigation by Company A, said document may be disclosed to employees of
6   Company B under the terms of this Protective Order).
7   (e)  any person retained by a party to serve as an expert witness or otherwise
8   providing specialized advice to counsel in connection with this action, provided such
9   person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit
10  A hereto;
11  (f)  stenographers engaged to transcribe depositions conducted in this action
12  and their support personnel;
13  (g)  the Court and its support personnel;
14  (h)  any mediator or settlement officer, whom the parties have elected or
15  consented to participate in the case; and
16  (i)  as required by law or court order upon notice to the designating party
17  sufficiently in advance of such disclosure to permit it to seek a protective order.
18  **4.    Material Designated As "Highly Confidential/Attorneys' Eyes Only"**
19       The person or party disclosing or producing any given discovery material may
20  designate as "Highly Confidential/Attorneys' Eyes Only" such portion of such material
21  as the person or party in good faith believes contains especially sensitive business,
22  financial, or technical information. Such information may include sales figures,
23  customers lists, profit and loss calculations, sales projections, production costs,
24  marketing costs, overhead costs, business and marketing plans, research and
25  development information, confidential nonpublic contracts, and the security features or
26  other similar information regarding the party's intellectual property (*e.g.*, software
27  programs and/or related components), which if disclosed would facilitate the creation,
28  manufacture, duplication, and/or distribution of infringing copies of that party's

property by the other party. The parties, or some of them, request protection of such information on the grounds that said information is not ordinarily available to the public, that said information, if disclosed, could be especially harmful to the parties, or any of them, and that said information, if disclosed, could be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

5. **Disclosure Of "Highly Confidential/Attorneys' Eyes Only" Material**

No person or party subject to this Order other than the producing person or party shall disclose any of the Confidential Discovery Material designated by the producing person or party as "Highly Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

(a) in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and fellow employees of such in-house legal counsel and outside attorneys to whom it is reasonably necessary to disclose such Confidential Discovery Material;

(b) outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(c) the party producing said documents and persons affiliated with the party producing said documents, including the producing party's employees and former employees (provided such former employee has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto), during the time they are testifying in deposition or at trial, or in connection with written discovery requests;

(d) any employee of any sender or recipient of the document (*e.g.*, where a Purchase Order from Company A to Company B is produced in litigation by Company

A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order);

  (e) stenographers engaged to transcribe depositions conducted in this action;

  (f) the Court and its support personnel;

  (g) any mediator or settlement officer, whom the parties have elected or consented to participate in the case;

  (h) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order; and/or

  (i) should any party produce any document or information designated "Attorneys' Eyes Only," and should counsel for another party believe it necessary to disclose any such document or information to persons not provided for above (including, but not limited to, relevant financial information of one or more Defendants in connection with settlement discussions), counsel for that party shall first seek permission from the producing party for such disclosure on a case-by-case basis, and permission shall not be unreasonably withheld by the producing party (provided the person to whom disclosure is proposed executes Exhibit A to this Order prior to receiving any such information). Unless and until such a request is granted, or it is otherwise directed by the Court, information designated "Attorneys' Eyes Only" will be disclosed only as provided for herein.

## 6. Further Investigation

Notwithstanding any other provisions of this Order, plaintiff Microsoft Corporation may (a) use and disclose customer or vendor information, including invoices and purchases orders, designated as Confidential Discovery Material in order to investigate and/or prosecute criminal or civil actions involving copyright or trademark infringement against parties or entities other than the defendants in this matter and may provide Confidential Discovery Material to law enforcement officials upon such officials' request.

7. **Deposition Transcripts**

With respect to the "Confidential" or "Highly Confidential/Attorneys' Eyes Only" portion(s) of any Discovery material other than deposition transcripts and exhibits, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" or "Highly Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with its legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or party or that person or party's counsel may indicate on the record that a question calls for "Confidential" or "Highly Confidential/Attorneys' Eyes Only," in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. In the case of depositions, if a party's or third party's counsel believes that the deposition transcript or portions thereof, in addition to that indicated at the deposition to be confidential, constitutes "Confidential" or "Highly Confidential/Attorneys' Eyes Only" material, said counsel shall designate in writing to the opposing party's counsel within 45 days after the receipt of the transcript of the deposition, the specific pages and lines constituting such material. Pending such notice, the parties shall not disclose any information obtained during the deposition, whether designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only," and shall treat the deposition transcript as "Highly Confidential/Attorneys' Eyes Only."

8. **Documents Under Seal**

The designation of documents or information as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" creates no entitlement to file such documents or information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

9. **Separate Non-Disclosure Agreements**

Prior to any disclosure of any Confidential Discovery Material to any person referred to in paragraph 3.(e), and/or 5.(b) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form reflected in Exhibit A hereto. Said counsel shall retain each signed Non-Disclosure Agreement, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial).

The other persons described in paragraphs 3 and 5 shall have access to the Confidential Discovery Material pursuant to the terms of this Order without signing a copy of the Non-Disclosure Agreement. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with copies of the Non-Disclosure Agreements upon request. The persons receiving Confidential Discovery Material are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

10. **Failure To Designate**

If at any time prior to the trial of this action, a producing person or party realizes that some portion(s) of discovery material that that person or party previously produced without limitation, or without adequate limitation, should be designated as "Confidential" and/or "Highly Confidential /Attorneys' Eyes Only," that person or party may so designate by so apprising all parties in writing, and providing said parties with appropriately marked copies of said discovery material, where possible, and such designated portion(s) of the discovery material will thereafter be treated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" under the terms of this Order. Any disclosure made before such designation as is provided for in this paragraph shall not be deemed a violation of this Protective Order.

## 11. Designations In Good Faith

"Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

## 12. Objections To Designations

Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Civil Local Rule 37 and the party asserting confidentiality shall have the burden of proving same. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Discovery Material, that party nevertheless shall treat and protect such material as Confidential Discovery Material in accordance with this Protective Order unless and until all involved parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Discovery Material may be used or disclosed in a manner different from that specified for Confidential Discovery Material in this Protective Order.

## 13. Use At Trial

Documents designated "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" may be used by any party without limitation at trial. However, any party

who wishes to have such documents treated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" may renew their request for confidentiality before the trial judge at the status conference, through a motion in limine and/or as may be otherwise permitted by the court.

**14.   Continuing Jurisdiction**

This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**15.   Obligations Upon Termination Of Litigation**

This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, including all appeals, all discovery materials designated as "Confidential," and/or "Highly Confidential/Attorneys' Eyes Only" and all copies thereof, that have not been annotated, illuminated or otherwise "marked-up" shall be promptly returned to the producing person or party (at the producing person's expense), if requested in writing by the producing party or shall be destroyed, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order. All documents marked "Confidential," and/or "Highly Confidential/Attorneys' Eyes Only" that have been annotated, illuminated or otherwise "marked-up" shall not be returned, but shall be destroyed, or maintained in a secure place pursuant to the continuing obligations of this Order.

**16.   Further Modifications**

Any party to this action, and any third party producer may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

Case 2:12-cv-01929-R-E   Document 13-1   Filed 01/04/13   Page 12 of 14   Page ID #:75

1 **IT IS SO ORDERED.**

2

3

4  Dated: 1/4/13                                          _____

5                                                        United States Magistrate Judge
                                                         Charles F. Eick

# EXHIBIT A

## *NON-DISCLOSURE AGREEMENT*

I understand that access to information designated as "Confidential" and "Highly Confidential-Attorneys' Eyes Only" is provided to me under the terms and restrictions of a Protective Order. I have received a copy of the Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as "Confidential" and "Highly Confidential-Attorneys' Eyes Only" that is provided to me in connection with this action except as permitted by the Protective Order.

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____

AGREED AND APPROVED AS TO SUBSTANCE AND FORM:

Dated: January 3, 2013

**PERKINS COIE LLP**
Audra M. Mori
Katherine M. Dugdale

By:  /s/ *Katherine M. Dugdale*
         kdugdale@perkinscoie.com

*Attorneys for Plaintiff*
MICROSOFT CORPORATION

Dated: January 3, 2013

**PRYOR CASHMAN LLP**
Michael J. Niborski
Benjamin Semel
Darius K.C. Zolnor

By:  /s/ *Michael J. Niborski*
         mniborski@pryorcashman.com

*Attorneys for Defendants*
DATA EXCHANGE CORPORATION and
SHELDON MELCHICOFF